UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL JAUREGUI QUINTERO,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>Kristi NOEM, in her official capacity as Secretary of Homeland Security, Christopher J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center, Gregory J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd LYONS, in his official capacity as Acting Director of ICE; and Pamela BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　Respondents. | Case No.: 25cv3769-GPC(BLM)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On December 24, 2025, Jose Manuel Jauregui Quintero ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to be released from his unlawful detention at the Otay Mesa Detention Facility. (Dkt. No. 1, Pet.) Respondents filed a response on December 31, 2025. (Dkt. No. 4.) Based on the reasoning below, the Court GRANTS in part the petition for writ of habeas corpus and VACATES the hearing set on January 9, 2026.

## Discussion

Petitioner, a 44-year-old Mexican national, last entered the United States on September 25, 1998. (Dkt. No. 1, Pet. 1.) On December 11, 2025, the Immigration Judge denied his request for custody redetermination concluding that the court lacked jurisdiction to set a bond hearing under *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025). (Dkt. No. 1-2, Pet., Ex. A.)

On December 19, 2025, Petitioner was detained at the Otay Mesa Detention Facility pending removal proceedings. (*Id.* ¶¶ 2, 4.) Petitioner's next master hearing has yet to be scheduled. (*Id.* ¶ 19.) Petitioner alleges his detention violates the Immigration and Nationality Act ("INA") as he is being held under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a), and his procedural due process rights under the Fifth Amendment. (*Id.* ¶ 20.)

In response to the order to show cause, Respondents acknowledge that pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d --, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025), *amended and superseded by reconsideration by* –F. Supp. 3d--, 2025 WL 3713987 (Dec. 18, 2025), Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a court ordered bond hearing. (Dkt. No. 4 at 2.[1]) As such, the Court grants the petition in part. To the extent Petitioner requests release, such a request is premature. Section 1226 requires only consideration of release on bond, and a bond

---

[1] Page numbers are based on the CM/ECF pagination.

hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner.  *See* 8 U.S.C. § 1226(a).

Accordingly, the Court GRANTS in part the petition for writ of habeas corpus under 28 U.S.C. § 2241. If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

The Court **ORDERS** Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order.[2]  Respondents are **ORDERED** to **FILE** a Notice of Compliance within ten days of providing Petitioner with a bond hearing. The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  January 2, 2026

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees.  (Dkt. No. 1 at 10.) Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.